UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:  Kelli Ann O'Brien,                                               Case No. 14-07929-jtg
       Debtor.                                                                              Chapter 13

**DEBTOR'S RESPONSE TO ROGUE RIVER COMMUNITY CREDIT UNION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

     The Debtor, by and through her attorneys, Andersen Ellis & Shephard, for the following reasons denies that the Creditor is entitled to the relief sought and requests a hearing:

1. This case was filed on December 29, 2014. The plan was confirmed on March 10, 2015. This case has never been converted, dismissed, or reinstated.

2. Statement of Facts:

   A. The collateral in question is real property commonly known as 3785 13 Mile Road, Sparta, Michigan, 49345.

   B. There is one mortgage on this property, held by Rogue River Community Credit Union.

   C. The mortgage is paid by through the plan by the Chapter 13 Trustee.

3. There is no cause to grant the requested relief under 11 U.S.C. §362(d)(1).

   A. There is approximately $36,032.55 of equity in the property:

           $156,600.00   (value of property based on 2016 SEV)
      minus  $120,567.45   (balance of mortgage alleged in motion for relief)
      equals  $ 36,032.55

   B. Based on the State Equalized Values, it appears that the property has appreciated by approximately $12,200.00 since this case was filed.

   C. The Debtor's father has a medical condition that has prevented him from working and has resulted in lower household income. She is permitted to retain $1,200.00 of her income tax refunds annually. She anticipates a 2016 income tax refund of approximately $2,630.00, and she intends to petition the Trustee to allow her to retain her entire net 2016 income tax refund in order to pay her property taxes. She recently started working a second job and anticipates being able to maintain her property tax payments going forward.

4. There is no basis for granting the requested relief under 11 U.S.C. §362(d)(2) because the Creditor is adequately protected, and the collateral is necessary to an effective reorganization.

   A. There is approximately $36,032.55 of equity in the collateral.

   B. The collateral has appreciated by approximately $12,200.00 since this case was filed.

   C. The collateral is necessary to an effective reorganization, as it is the Debtor's residence.

WHEREFORE the Debtor asks the Court to deny the relief sought by the Creditor or hear argument for the denial of the requested relief.

Andersen Ellis & Shephard

Date: *April 11, 2017*    By: /S/ *Jeremy B. Shephard* (P72719)
866 3 Mile Road NW Suite B
Grand Rapids, MI 49544
(616) 784-1700